(No. 75-CV-11—)

LAWRENCE A. HAUPT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 31, 1975.*

LAWRENCE A. HAUPT, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on April 15, 1974, at 810 South Kilbourn, in Chicago. Lawrence A. Haupt, seeks payment of compensation pursuant to the provisions of the "Crime Victims

Compensation Act", *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Lawrence A. Haupt, age 35, was a victim of a violent crime, as defined in Sec. 2 (c) of the Act, to wit:

"Aggravated Battery", *(Ill. Rev. Stat., 1973, ch. 38, sec. 12-4).*

2. That on April 15, 1974, the claimant entered an alley behind 810 South Kilbourn, where, without warning, he was struck on the head from behind. The claimant, who was knocked unconscious, fell forward striking his face on the pavement.

3. That the claimant was found by one Gil Ashford, who helped the claimant to a nearby residence and called the police. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

4. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

5. That the criminal offense was promptly reported to law enforcement officials. That claimant has fully

cooperated with their requests for assistance, but has not been able to make an identification of his assailants.

6. That the victim and his assailants, were not related nor sharing the same household.

7. That the claimant was hospitalized at Loretto Hospital from April 15, 1974, to April 18, 1974, where he was treated for multiple lacerations of the face and head, a sprained neck and a cerebral concussion.

8. That the claimant was unable to work as the result of his injury from April 15, 1974, until April 19, 1974, a total of 4 working days. That based upon the claimant's average net earnings for the six months immediately preceding his injury, his net earnings per day were $20.45.

That the court shall determine loss of earnings based on victim's average monthly earnings of $500 per month, whichever is less. That claimant's net earning loss is $81.80.

9. That the claimant has incurred medical, hospital expenses, and loss of earnings as follows:

| | | |
|---|---|---|
| 1) | Hospital | $464.75 |
| 2) | Doctor | 45.00 |
| 3) | Loss of Earnings | 81.80 |

$591.55

10. That the claimant has received no benefits or reimbursements, directly or indirectly, from any other source, nor is he entitled to any such benefits from any other source as the result of his injuries.

11. That in determining the amount of compensation to which the applicant is entitled, sec. 7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the "Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source . . ."

That after the statutory deduction of $200.00, the amount of compensation to which the claimant is entitled is $391.55.

It Is Hereby Ordered that the sum of $391.55 (Three Hundred Ninety-One Dollars and Fifty-Five Cents) be awarded Lawrence A. Haupt, as an innocent victim of a violent crime.